## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: GENERAL MANUFACTURING INDUSTRIES, LLC ) ) )

EVANSTON INSURANCE COMPANY, )

Petitioner, )

v. )    No. 22-mc-596-CFC-SRF

GENERAL MANUFACTURING INDUSTRIES, LLC, )

Respondent. )

## <u>MEMORANDUM ORDER</u>

At Wilmington this **24th** day of **February, 2023,** the court having heard oral argument

and considered the parties' submissions regarding Evanston Insurance Company's ("Evanston"

or "Petitioner") Motion to Compel Compliance with Subpoena for Production ("Motion"),[1] (D.I.

1), served on General Manufacturing Industries, LLC ("GMI" or "Respondent") IT IS HEREBY

ORDERED that Evanston's Motion is GRANTED-IN-PART for the reasons discussed at the

hearing on February 23, 2023, which are set forth below:

1.      **Background.**  Evanston moves to compel responses to fifteen requests for

production of financial documents pursuant to a Rule 45 subpoena that issued from the Eastern

District of Pennsylvania and was served on the Respondent, GMI, in this district.  (*See* D.I. 2,

Ex. 2; D.I. 2, Ex. 3)  On November 30, 2022, the subpoena was served on GMI's registered

agent located at 8 the Green, Suite A, Dover, DE 19901.  (*Id.*)  GMI admits that it is a Delaware

---

[1] The briefing for the pending Motion is as follows:  Petitioner's opening brief (D.I. 2; D.I. 6), Respondent's answering brief (D.I. 4), and Petitioner's reply brief (D.I. 8).

limited liability company that resides at 3 North Colonial Avenue, Wilmington, Delaware 19805. (D.I. 4 at 1)  GMI does not dispute proper service on its registered agent.  (D.I. 2, Ex. 3)  The subpoena required production of GMI's documents on or before December 12, 2022, to Evanston's counsel located at 700 12th Street, NW, Suite 700, Washington, D.C. 20005.  (D.I. 2, Ex. 2)

      2.      Evanston is a defendant in a lawsuit in the Eastern District of Pennsylvania that was filed by GMI's parent corporation, Vitamin Energy, Inc. ("Vitamin Energy"), alleging breach of an insurance contract and related causes of action ("Insurance Coverage Action"). *Vitamin Energy, Inc. v. Evanston Ins. Co.*, No. 2:19-cv-03672-JHS (E.D. Pa. Aug. 8, 2019). Vitamin Energy sued Evanston for breach of its duty to defend Vitamin Energy in a lawsuit filed by International IP Holdings, LLC and Innovation Ventures, LLC in the Eastern District of Michigan concerning Vitamin Energy's energy shot product ("Michigan Action"). *See International IP Holdings, LLC et al. v. Vitamin Energy, LLC*, No. 2:19-cv-11716-DPH-MKM (E.D. Mich. June 10, 2019). On January 5, 2022, the Third Circuit Court of Appeals ruled that Evanston owed a duty to defend Vitamin Energy in the Michigan Action pursuant to the parties' insurance contract. *Vitamin Energy, LLC. v. Evanston Ins. Co.*, No. 20-3461, 22 F.4th 386 (3d Cir. 2022).

      3.      In the Insurance Coverage Action, Vitamin Energy contends that it suffered damages in the "tens of millions" as a result of Evanston's breach of its duty to defend it in the Michigan Action. (*See* D.I. 2, Exs. 6–7)  Therefore, Evanston pursued discovery of Vitamin Energy's financial condition and obtained accounting records and tax returns. (D.I. 2, Ex. 1 at 62:15–63:20)  During discovery, it was disclosed that GMI is a wholly owned subsidiary of

Vitamin Energy and that it manufactures certain branded energy products for its parent. (D.I. 2, Ex. 8 at 253:18–255:3) It is undisputed that the financial records of Vitamin Energy and GMI are consolidated. (D.I. 6 at 1–2; D.I. 4 at 4; *see* D.I. 2, Ex. 8 at 254:7–13)

4.      On December 12, 2022, Vitamin Energy's counsel sent a letter on behalf of GMI objecting to the subpoena based on, *inter alia*, undue burden and relevancy. (D.I. 2, Ex. 4) On December 16, 2022, Evanston reached out to see whether GMI would reconsider its objections. (D.I. 4, Ex. 3) GMI responded asking Evanston to "reformulate the subpoena[] so as to request only relevant documents" and asked for $5,000 to help defer costs if GMI agreed to produce. (*Id.*) Evanston did not agree to those terms. (D.I. 4, Ex. 4) On December 19, 2022, Evanston filed the present Motion. (D.I. 1)

5.      Evanston contends it served GMI with the subpoena in issue to obtain documents relevant to the "financial health" of Vitamin Energy and to delineate each company's proportion of the aggregate finances. (D.I. 6 at 1–2; *see also* D.I. 2, Ex. 1 at 60:24–61:4) In its Motion, Evanston seeks the following relief: (1) that the subpoena is valid and enforceable; (2) that the Motion was filed in the proper district; (3) the documentation sought is relevant; and (4) no undue burden exists. (D.I. 6 at 3) GMI filed boilerplate objections to all fifteen requests for production of documents. (D.I. 2, Ex. 4) It asserts the following arguments in opposition to Evanston's Motion: (1) violation of the 100-mile limit under Rule 45(c)(2)(A); (2) lack of control over documents pertaining to its parent corporation; and (3) lack of relevance and undue burden. (D.I. 4 at 9–12) GMI seeks an award of fees and costs. (*Id.* at 8, 12)

6.     **Legal Standard.**  Rule 45 of the Federal Rules of Civil Procedure addresses the requirements for service of a subpoena on a third party.  A subpoena for the production of documents may be issued pursuant to Rule 45(c)(2)(A) which provides:

> A subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.

7.     In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Likewise, "[d]iscovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b)."  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Becton, Dickinson & Co.*, No. 14-4318, 2018 WL 627378, at *4 (D.N.J. Jan. 30, 2018) (internal citations omitted).

8.     **Analysis.**  Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Evanston moves to compel GMI to produce documents responsive to the fifteen requests for production identified in the subpoena.  It is undisputed that GMI is headquartered in Wilmington, Delaware.[2]  It is further undisputed that service of the subpoena was properly made on GMI's registered agent in Dover, Delaware.

9.     **Transfer to the Eastern District of Pennsylvania**.  As a preliminary matter, Evanston asserts this Motion could be transferred back to the Eastern District of Pennsylvania pursuant to Rule 45(f).  (D.I. 6 at 10; D.I. 8 at 3)  Under Rule 45(f), the court may transfer "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Evanston fails to identify any exceptional circumstances that would warrant

---

[2] GMI's counsel represented at oral argument that GMI is headquartered in Wilmington, Delaware and its registered agent is located in Dover, Delaware.

4

transfer nor has GMI consented to transfer.  Therefore, the court rejects the suggestion by Evanston that transfer under Rule 45(f) is an option.

10. **Production within 100 miles.**  The parties dispute the appropriate form of measurement used in determining the 100-mile limit under Rule 45(c)(2)(A).  Evanston argues for application of a straight-line measurement.  (D.I. 6 at 9–10)  GMI argues the distance is measured by the ordinary, usual, and shortest route of public travel.  (D.I. 4 at 9)  Neither party has supported its position with authority from this district.

11. There is no genuine dispute that Delaware courts measure distance under Rule 45 by a straight line on a map. *Zoetics, Inc. v. Yahoo!, Inc.*, No. 06-108-JJF, 2006 WL 1876912, at *5 (D. Del. July 6, 2006)  "[T]his method is the better construction of Rule 45 and is easier to apply in practice." *Id.*  By contrast, the case relied upon by GMI, in favor of the ordinary and usual route of travel, is more than 50 years old and from a court outside of this district.  (*See* D.I. 4 at 9 (citing *Merchant Bank of N.Y. v. Grove Silk Co.*, 11 F.R.D. 439 (M.D. Pa. 1951))

12. There is no dispute that the subpoena in issue falls within the 100-mile limit when the straight-line distance is measured either from GMI's headquarters in Wilmington, Delaware, or the location of GMI's registered agent in Dover, Delaware, to the place of production in Washington, D.C.  Therefore, the court finds that the document production falls within the 100-mile limit of the subpoena power of this court.

13. **Control of the documents.**  Evanston argues that "GMI should be in the control of its own financial documentation, as such documentation pertains to its own affairs."  (D.I. 8 at 6)  Without indicating whether GMI maintains its own financial records, GMI argues that Evanston has not satisfied its burden to demonstrate that GMI has control over Vitamin Energy's documents.  (D.I. 4 at 11)

14.     In denying it has control over documents responsive to the subpoena, GMI

misapplies the holding in *Princeton Digital Image Corp. v. Konami Digital Entertainment Inc.*,

316 F.R.D. 89 (D. Del. 2016).  (D.I. 4 at 11)  In that case, the court ruled that the defendant,

Konami US, was not required to obtain and produce documents in the possession of its affiliate

in Japan because the plaintiff failed to demonstrate the defendant had control over the

documents. *Princeton Digital Image Corp.*, 316 F.R.D. at 91.  In contrast, the document

subpoena in issue requests production of GMI's financial records, for example, "[a]ll financial

statements prepared on a monthly and annual basis."  (D.I. 2, Ex. 2, Request No. 6)

15.     At oral argument, Evanston clarified that it is seeking documents from GMI apart

from what Vitamin Energy has already produced.  Evanston contends that GMI, as a wholly

owned subsidiary of Vitamin Energy, likely maintains financial records responsive to the

subpoena. (D.I. 6 at 13; D.I. 8 at 6)  GMI has not represented in its response that no such records

exist.  Therefore, GMI is required to produce documents responsive to the subpoena that are

within its possession, custody or control.

16.     **Relevancy.** Evanston claims the subpoenaed documents are relevant because

Vitamin Energy placed its financial condition in issue by alleging it suffered damages in the

"tens of millions" as a result of Evanston's alleged breach of the insurance contract.  (D.I. 6 at

11; *see also* D.I. 2, Exs. 6–7)  Evanston asserts that it cannot evaluate Vitamin Energy's financial

condition based upon the consolidated financial documents produced by Vitamin Energy which

are incomplete and misleading.  (D.I. 6 at 11–12)  Therefore, GMI's financial records are

necessary "in order to corroborate the tax returns and financial statements produced to date."

(*Id.* at 12; *see also* D.I. 8 at 7–9)

17.     The court finds that the document subpoena for production of GMI's financial information is relevant to Vitamin Energy's financial condition at issue in the Insurance Coverage Action because the documents are needed to interpret the consolidated financial records produced by Vitamin Energy and complete the consolidated production from these affiliated companies.

18.     Having found the subpoenaed documents are relevant, the court must also determine whether the requests are proportional to the needs of the case. The court will not compel GMI to respond to document requests that are overbroad and exceed the scope of financial documents that its parent, Vitamin Energy, produced in support of its damages claim in the Insurance Coverage Action. (*See* D.I. 4 at 4)

19.     Each of the fifteen requests for production was discussed with the parties in the hearing. The court finds Request Nos. 5, and 12 through 15 are overbroad and strikes these requests. The court orders GMI to produce documents responsive to Request Nos. 1 through 4, and 6 through 11 because the requests are consistent with Vitamin Energy's production of financial records in the Insurance Coverage Action.

20.     GMI shall produce financial documents limited to the relevant time period applicable to Vitamin Energy's document production in the Insurance Coverage Action. The relevant period is from 2019 through the present.[3] The documents shall be produced on or before March 15, 2023, which corresponds to the fact discovery deadline in the Insurance Coverage Action. (*See* Insurance Coverage Action, No. 2:19-cv-03672-JHS, D.I. 171)

21.     **Undue burden.** GMI has objected to production of the documents as unduly burdensome. (D.I. 4 at 8, 12) GMI has not provided the court with a declaration as to the burden

---

[3] At oral argument, GMI's counsel represented that GMI was established in 2019.

of production nor has it provided the court with an estimate of the amount of documents that may be responsive to the subpoena. Thus, the court is not persuaded that GMI's compliance with the subpoena is unduly burdensome.

22.     **Costs associated with the Motion.**  Evanston requests costs and attorney's fees pursuant to Rule 45(d)(1). (D.I. 6 at 16)  GMI requests sanctions against Evanston, including attorney's fees and costs, pursuant to Rule 45(d)(1). (D.I. 4 at 12–13)  The court does not find that either side has demonstrated a reasonable basis for the court to award attorney's fees and costs and orders that Evanston and GMI shall bear their own costs.

23.     **Conclusion.**  For the foregoing reasons, Evanston's Motion (D.I. 1), is GRANTED-IN-PART. GMI shall produce to Evanston documents responsive to Request Nos. 1 through 4, and 6 through 11 **on or before March 15, 2023**.  The court strikes Request Nos. 5, and 12 through 15 as overbroad and not proportional to the needs of the case.

24.     This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

25.     The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE